IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Samuel Harmon, #328335, | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 5:15-1620-HMH-KDW |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Robert Stevenson, as Warden of Broad River Correctional Institution, | ) ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Kaymani D. West, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Samuel Harmon ("Harmon") is a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254. In her Report and Recommendation, Magistrate Judge West recommends granting the Respondent's motion for summary judgment.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Harmon is currently incarcerated at the Broad River Correctional Institution, a South Carolina Department of Corrections ("SCDC") facility. In April 2007, Harmon was indicted by the Lexington County Grand Jury for possession of a firearm or knife during commission of a violent crime, murder, assault with intent to kill, and assault and battery with intent to kill.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

(Resp't Mem. Supp. Mot. Summ. J. 1-2, ECF No. 8.)  After a jury trial, Harmon was found guilty on May 7, 2008.  (Id. Ex. 3 (App. 562), ECF No. 8-3.)  Harmon was sentenced to life imprisonment for the murder conviction, five years' imprisonment for the possession of a weapon during the commission of a violent crime conviction, ten years' imprisonment for the assault with intent to kill conviction, and fifteen years' imprisonment for the assault and battery with intent to kill conviction ("ABHAN").  (Id. Ex. 3 (App. 584), ECF No. 8-3.)  The sentences for the murder conviction, the assault with intent to kill conviction and the possession of a weapon conviction were all to be served concurrently; the ABHAN conviction was to be served consecutive to the sentence for murder.  (Id. Ex. 3 (App. 574), ECF No. 8.)  Harmon moved for reconsideration of his sentence, but his motion was denied.  (Id. Ex. 13 (Order on Mot. Reconsideration), ECF No. 8-13.)

      Harmon appealed his conviction on or about October 6, 2008.  (Id. at 16, ECF No. 8.)  The South Carolina Court of Appeals affirmed Harmon's conviction and sentence in an unpublished opinion filed February 24, 2011.  (Id. Ex. 3 (App. 639-40), ECF No. 8-3.)  On August 4, 2011, Harmon filed an application for Post-Conviction Relief ("PCR").  (Id. Ex. 3 (App. 653-60), ECF No. 8-3.)  A PCR hearing was held on January 31, 2013.  (Id. Ex. 3 (App. 696-771), ECF No. 8-3.)  On March 28, 2013, the PCR court denied Harmon's PCR Application in full.  (Id. Ex. 3 (App. 772-785), ECF No. 8-3.)  Harmon filed a petition for writ of certiorari with the South Carolina Supreme Court on January 9, 2014.  (Id. Ex. 8 (Petition for Writ of Cert.), ECF No. 8-8.)  The South Carolina Supreme Court denied the petition on August 7, 2014, and issued a remittitur on August 25, 2014.  (Id. Ex. 11 (S.C. Sup. Ct. Order), ECF No. 8-11; Ex. 12 (Remittitur), ECF No. 8-12.)

Harmon filed a federal petition for writ of habeas corpus on April 14, 2015, alleging claims of ineffective assistance of counsel. (§ 2254 Petition, ECF No. 1.) Harmon alleged his trial counsel was ineffective in failing to object to: (1) testimony and references in his trial about his membership in a gang ("Ground One"); (2) the prosecutor making himself a witness during the trial of the case ("Ground Two"); and (3) the trial court's jury charge on accomplice liability ("Ground Three"). (Pet'r Mem. Supp. § 2254 Petition, generally, ECF No. 1-1.) On June 8, 2015, Respondent filed a motion for summary judgment. (Resp't Mot. Summ. J., ECF No. 9.) Harmon responded on July 27, 2015. (Resp. Opp'n Mot. Summ. J., ECF No. 13.) Respondent replied on August 6, 2015. (Resp't Reply, ECF No. 14.) On December 15, 2015, Magistrate Judge West recommended granting the Respondent's motion for summary judgment, and denying Harmon's § 2254 petition. (Report & Recommendation, generally, ECF No. 15.) Harmon timely filed objections on January 3, 2016. (Objections, ECF No. 16.)

## II. DISCUSSION OF THE LAW

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in his favor. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

A litigant "cannot create a genuine issue of material fact through mere speculation or the building of one inference upon another." Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate." Monahan v. Cty. of Chesterfield, Va., 95 F.3d 1263, 1265 (4th Cir. 1996) (internal quotation marks and citation omitted). "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Ballenger v. N.C. Agric. Extension Serv., 815 F.2d 1001, 1005 (4th Cir. 1987) (internal quotation marks and citation omitted).

### B. Standard of Review in a § 2254 Petition

In addition to the standard that the court must employ in considering motions for summary judgment, the court must also consider the petition under the requirements set forth in 28 U.S.C. § 2254. Under § 2254(d),

> [a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in the State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As "a determination of a factual issue made by a State court shall be presumed to be correct," Harmon has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). With respect to reviewing the state court's application of federal law, "'a federal habeas court may grant the writ if the state court identifies the correct

governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" Humphries v. Ozmint, 397 F.3d 206, 216 (4th Cir. 2005) (quoting Williams v. Taylor, 529 U.S. 362, 413 (2000)).  Further, "an 'unreasonable application of federal law is different from an incorrect application of federal law,' because an incorrect application of federal law is not, in all instances, objectively unreasonable." Id. (quoting Williams, 529 U.S. at 410).  "Thus, to grant [a petitioner's] habeas petition, [the court] must conclude that the state court's adjudication of his claims was not only incorrect, but that it was objectively unreasonable." McHone v. Polk, 392 F.3d 691, 719 (4th Cir. 2004).

### C. Objections

Harmon filed objections to the Report and Recommendation.  Objections to the Report and Recommendation must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  Upon review, the court was able to glean three specific objections.  Harmon claims the magistrate judge erred in finding that (1) Ground Three is procedurally defaulted, (2) that Ground One is without merit, and (3) that Ground Two is without merit.  (Objections, generally, ECF No. 16.)

First, Harmon objects to the magistrate judge's finding that Ground Three is procedurally defaulted, because Ground Three was not presented to the South Carolina Supreme Court in the appeal from Harmon's PCR action.  Harmon does not contest that Ground Three was not

presented to the South Carolina Supreme Court.  (Resp. Opp'n Mot. Summ. J. 20, ECF No. 13; Objections 1-2, ECF No. 16.)  However, Harmon claims that the magistrate judge erred in not finding the ruling in Martinez v. Ryan, 132 S. Ct. 1309 (U.S. 2012), applicable to his petition.  In Martinez, the Supreme Court recognized the general rule from Coleman v. Thompson, 501 U.S. 722, 754 (1991), that

> an attorney's errors during an appeal on direct review may provide cause to excuse a procedural default; for if the attorney appointed by the State to pursue the direct appeal is ineffective, the prisoner has been denied fair process and the opportunity to comply with the State's procedures and obtain an adjudication on the merits of his claims.

Martinez, 132 S. Ct. at 1317.  However, Martinez explicitly provides for an exception to Coleman, that "[i]nadequate assistance of counsel at *initial-review collateral proceedings* may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," but that this is a limited exception not applicable to "*appeals* from initial-review collateral appeals." Id. at 1315, 1320 (emphasis added).

Harmon argues that any claim for ineffective assistance of counsel that is raised, but not properly developed at initial-review collateral proceedings cannot be presented on appeal. (Objections 2, ECF No. 16.)  Based on this argument, Harmon argues the Martinez exception must be expanded to include those claims of ineffective assistance which are not raised on appeals from initial-review collateral proceedings because those claims were not developed at the initial-review collateral proceedings.  (Id., ECF No. 16.)  However, Harmon's objection fails for two reasons.  First, Harmon fails to explain why an undeveloped issue at an initial-review collateral proceeding cannot be presented on appeal.  The court finds that a raised issue, even if undeveloped at the initial-review proceeding, is still preserved for appellate review.  Second,

Harmon cites no case law to support broadening the Martinez exception. In fact, the Martinez Court explicitly limited the reach of its holding, stating that "[t]he rule of Coleman governs in all but the limited circumstances recognized here." Id. at 1320. Thus, the court finds Ground Three is procedurally defaulted.

Next, Harmon objects to the magistrate judge's finding that Grounds One and Two are without merit, and even if they were in error, that they were harmless errors. In order to successfully challenge a conviction or sentence on the basis of ineffective assistance of counsel, Harmon must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that he was prejudiced by his counsel's deficient performance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first prong, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. With respect to the second prong, Harmon must demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Under Ground One, Harmon's contention is that his trial counsel provided ineffective assistance due to his failure to object to gang references during trial, which he contends were irrelevant and improper evidence of bad character. (Objections 2-4, ECF No. 16.) Harmon cites State v. Sobers, 744 S.E.2d 588, 590-91 (S.C. Ct. App. 2013), in support of his claim that gang testimony and references should not have been admitted into evidence. (Objections 3, ECF No. 16.) However, the court's role in this instance is not to weigh the merits of the admissibility of evidence of gang involvement, but rather to judge the actions of his trial counsel's conduct. While trial counsel testified that he had "no strategic reason" for his failure to object to the gang

7

references, (Resp't Mem. Supp. Mot. Summ. J. Ex. 3 (App. 711), ECF No. 8-3), the record reflects the trial counsel had some justification for not objecting: that he "didn't think about being able to keep [the gang references] out completely," and therefore he planned to argue "that it really wasn't a gang [but a music group instead]," because "it was always [Harmon's] contention that it wasn't a gang" (Id. Ex. 3 (App. 727-28), ECF No. 8-3). Based on these statements, the court finds that trial counsel's conduct falls "within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Thus, Harmon has failed to demonstrate that his counsel's actions fell below an objective standard of reasonableness under Ground One. Even if this conduct was in error, Harmon has not demonstrated any probability sufficient to undermine the outcome of the trial. See id. at 694. Importantly, four eyewitness co-defendants identified Harmon as the shooter. (Resp't Mem. Supp. Mot. Summ. J. Ex. 1 (App. 57-8, 97-8, 125-26, 151-54), ECF No. 8-1.) Harmon attempts to mitigate this fact by suggesting no one with the victim was able to identify Harmon as the shooter and that the co-defendants gave this testimony in exchange for lighter sentences. However, these arguments do not demonstrate that the gang testimony and references sufficiently undermined the outcome of the trial in light of the evidence that four eyewitnesses inculpated Harmon as the shooter. Thus, the court finds Ground One to be without merit.

Under Ground Two, Harmon's contention is that his trial counsel provided ineffective assistance due to his failure to object to the prosecutor acting as a witness, which he contends "gutted the effective exploration of bias during [his] trial." (Objections 5, ECF No. 16.) This issue arose because of a sentencing sheet that was admitted into evidence. Harmon's trial counsel testified that it was a "trial strategy decision" to admit a cooperating co-defendant's

sentencing sheet into evidence, because he wanted to highlight the lower sentences the other co-defendants had received for impeachment purposes. (Resp't Mem. Supp. Mot. Summ. J. Ex. 3 (App. 728), ECF No. 8-3.) However, the prosecutor was the one who had negotiated the plea with that particular co-defendant; thus, on cross-examination of the witness authenticating the sentencing sheet, the prosecutor was in the atypical situation of having to refer to his own dealings with the co-defendant. Harmon now contends the prosecutor's examination was misleading. However, trial counsel must be afforded deference for the "on-the-fly decisions" made during the course of trial on whether to object or not object to the admissibility of evidence or to a line of questioning. See, e.g., Humphries v. Ozmint, 397 F.3d 206, 234 (4th Cir. 2005). This deference is especially applicable here since it was Harmon's trial counsel that made the strategic decision to enter the sentencing sheet into evidence, which ultimately led to the prosecutor's examination. Thus, Harmon has failed to demonstrate that his counsel's actions fell below an objective standard of reasonableness under Ground Two. Further, even if this conduct were in error, Harmon has not demonstrated any probability sufficient to undermine the outcome of the trial for the same reasons discussed under Ground One. Based on the foregoing, Harmon's claim under Ground Two is without merit.

After a thorough review of the record in this case, the court finds that Harmon has failed to show that the PCR court's determination was contrary to clearly established federal law or based on an unreasonable application of the facts. Further, Harmon has failed to show that Ground Three is not procedurally defaulted or that his counsel was constitutionally ineffective. Therefore, after a thorough review of the Report and Recommendation and the record in this

case, the court adopts Magistrate Judge West's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that the Respondent's motion for summary judgment, docket number 9, is granted, and Harmon's § 2254 petition, docket number 1, is denied.  It is further

**ORDERED** that a certificate of appealability is denied because Harmon has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                          s/Henry M. Herlong, Jr.
                                                          Senior United States District Judge

Greenville, South Carolina
January 13, 2016